IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEREMY CHRISTOPHER TATUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:08-CV-792-TMH |
| ) | [WO] |
| ) | |
| D. T. MARSHALL, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Jeremy Christopher Tatum ["Tatum"], a convicted inmate presently confined in the Montgomery County Detention Facility. In this complaint, Tatum challenges the validity of a 2006 indictment issued against him by a Montgomery County, Alabama grand jury for assault in the second degree.[1] Tatum further argues his constitutional rights have been violated during criminal proceedings before the Circuit Court of Montgomery County, Alabama at the conclusion of which a conviction was imposed upon him for the charge contained in the indictment. Tatum also attacks the constitutionality of his confinement pursuant to the indictment and subsequent conviction under the challenged indictment. Finally Tatum argues officials at the Montgomery County Detention Facility have tampered with his mail and subjected him to unconstitutional overcrowded conditions.

---

[1] Tatum contends the grand jury did not hear his case or issue an indictment against him.

Tatum names D. T. Marshall, the Sheriff of Montgomery County, Alabama, Johnny Hardwick, the state judge who presided over his criminal proceedings, Eleanor Brooks, the District Attorney for Montgomery County, Alabama, Larry Sasser, the attorney who represented him in the state criminal proceedings, Melissa Rittenour, the Circuit Clerk of Montgomery County, Alabama, and Ms. Wright, the detention facility's mail clerk, as defendants in this cause of action. Tatum seeks declaratory relief, monetary damages and his release from confinement. *Plaintiff's Complaint - Court Doc. No. 1* at 5.

Upon review of the allegations contained in the complaint, the court concludes that the majority of claims for relief asserted by Tatum are due to be dismissed prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[2]

## I. DISCUSSION

**A. The Claims Against Judge Johnny Hardwick and Clerk Melissa Rittenour**

1. <u>The Request for Monetary Damages Against Judge Hardwick</u>. Tatum complains Judge Hardwick allowed his assault case to proceed through the criminal process despite the alleged illegal indictment. *Plaintiff's Complaint - Court Doc. No. 1* at 2-4. It is clear the allegations made by Tatum against Judge Hardwick emanate from actions taken by this defendant in his judicial capacity during state court proceedings over which he had

---

[2] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

jurisdiction. The law is well established that a state judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority. *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978). Accordingly, Tatum's claims for monetary damages against Judge Hardwick are "based on an indisputably meritless legal theory" and are therefore due to be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[3]

    2. Circuit Clerk Melissa Rittenour. It is clear from a review of the complaint that any claims presented by Tatum against Melissa Rittenour relate to actions this defendant undertook on behalf of the state court during Tatum's criminal case either in accordance with orders of a state court and/or pursuant to authority granted her by state law. When a court clerk acts "under command of court decrees or under explicit instructions of a judge" the absolute immunity of the judge extends to the clerk. *Williams v. Wood*, 612 F.2d 982, 985 (5th Cir. 1980). Additionally, where a court clerk acts pursuant to authority granted by state law and acts on behalf of a court, the clerk is absolutely immune from damages liability when sued under 42 U.S.C. § 1983 because she is performing a judicial function. *Scott v. Dixon*, 720 F.2d 1542 (11th Cir. 1983). In light of the foregoing, the court concludes that Tatum's claims against Melissa Rittenour regarding her actions in the

---

[3]Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

indictment process are frivolous as they are "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. These claims are therefore due to be dismissed upon application of 28 U.S.C. § 1915(e)(2)(B)(i).

3. <u>The Request for Monetary Damages from Defendant Marshall Relative to Tatum's Confinement Upon Indictment and After Conviction</u>. Tatum maintains his incarceration in the Montgomery County Detention Facility initially resulted from his indictment for second degree assault but is now based on his conviction for this criminal offense. He argues that such incarceration is violative of his constitutional rights because the grand jury did not actually issue an indictment against him. Neither the indictment nor the subsequent conviction has been invalidated and, hence, defendant Marshall cannot be held liable for monetary damages regarding such incarceration as he has at all times acted pursuant to an order issued by a state court.

4. <u>The Request for Declaratory Relief</u>. To the extent Tatum seeks declaratory relief from adverse decisions issued by Judge Harwick in the state criminal proceedings over which this defendant presided, this court lacks jurisdiction to render such judgment in an action filed pursuant to 42 U.S.C. § 1983. "The *Rooker-Feldman* doctrine prevents ... lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. V. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125


S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.Ct. 1198, 1199 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Tatum from proceeding before this court as this case is "'brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' 544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S. at 464, 125 S.Ct. at 1201; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction ... over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, the court concludes that dismissal of Tatum's request for declaratory relief with respect to actions undertaken during proceedings related to the plaintiff's indictment by the grand jury and/or conviction for assault before the Circuit Court of Montgomery County, Alabama is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990);

*see also Neitzke*, 490 U.S. 319.

### B.  The Claims Against Eleanor Brooks

Tatum maintains the district attorney, Eleanor Brooks, violated his constitutional rights by allowing his case to proceed on the challenged indictment.  It is clear from the complaint that the claims made against defendant Brooks emanate from this defendant's representation of the State during criminal proceedings before the Circuit Court of Montgomery County, Alabama.

"A prosecutor is entitled to absolute immunity for all actions [she] takes while performing [her] function as an advocate for the government. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct. 2606, 2615-16, 125 L.Ed.2d 209 (1993).  The prosecutorial function includes the initiation and pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 424, 96 S.Ct. 984, 992, 47 L.Ed.2d 128 (1976), and all appearances before the court, including examining witnesses and presenting evidence. *See Burns v. Reed*, 500 U.S. 478, 492, 111 S.Ct. 1934, 1942 (1991)." *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002); *see also Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998).

> [A]bsolute immunity is an entitlement to be free from suit for money damages.... [T]he purpose of the immunity is to shield officials from the distractions of litigation arising from the performance of their official functions.  To fulfill its purpose, official immunity protects government officials not only from having to stand trial, but also from having to bear the other burdens attendant to litigation, including pretrial discovery.... In *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d

6

>128 (1976), the Supreme Court held that a prosecutor is absolutely immune from civil suit for damages under section 1983 for actions taken "in initiating a prosecution and in presenting the State's case." *Id.* at 431, 96 S.Ct. at 995.

*Marx v. Gumbinner*, 855 F.2d. 783, 788-89 (11th Cir. 1988).

The actions of defendant Brooks about which the plaintiff complains have been undertaken by this defendant in her role "as an 'advocate' for the state" and such actions "are intimately associated with the judicial phase of the criminal process." *Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998) (citations omitted). Defendant Brooks is therefore "entitled to absolute immunity for that conduct." *Id.* Thus, Tatum's request for damages against Eleanor Brooks lacks an arguable basis and, as such, is subject to dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *Neitzke*, 490 U.S. at 327. As previously determined, Tatum is not entitled to declaratory relief for any adverse action taken during the state court proceedings related to his indictment by a grand jury or conviction by the Circuit Court of Montgomery County, Alabama.

### C. The Claims Against Larry Sasser

Tatum complains that Larry Sasser, the attorney assigned to represent him in his state criminal case, failed to provide effective assistance. *Plaintiff's Complaint - Court Doc. No. 1* at 3. An essential element of a 42 U.S.C. § 1983 action is that a person acting under color of state law committed the constitutional violation about which the plaintiff

complains. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). To state a viable claim for relief under § 1983, a plaintiff must assert "**both** an alleged constitutional deprivation ... **and** that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *American Manufacturers*, 526 U.S. at 50, 119 S.Ct. at 985 (emphasis in original). An attorney who represents a defendant in criminal proceedings does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981); *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and ... are not subject to suit under section 1983."). Since the conduct about which Tatum complains was not committed by a person acting under color of state law, the § 1983 claims asserted against Larry Sasser are frivolous as they lack an arguable basis in law. *Neitzke*, 490 U.S. at 327. The claims against defendant Sasser are therefore due to be summarily dismissed pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

### D. The Conspiracy Claim

Tatum makes the specious allegation that his detention is the result of a conspiracy among the defendants. *Plaintiff's Complaint - Court Doc. No. 1* at 3. A conspiracy claim justifiably may be dismissed because of the conclusory, vague and general nature of the

allegations. *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984). The court has carefully reviewed the instant complaint, as amended. At best, the assertions made by Tatum relative to a conspiracy are self serving, purely conclusory allegations that fail to assert those material facts necessary to establish the existence of a conspiracy between the defendants. *Strength v. Hubert*, 854 F.2d 421, 425 (11th Cir. 1988) (to properly state a claim for relief based on a conspiracy, a plaintiff must plead that the offending parties "reached an understanding" to deny the plaintiff his constitutional rights); *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992) (merely "stringing together" acts, without showing parties "reached an understanding" to violate plaintiff's rights, is insufficient to demonstrate the existence of a conspiracy). Other than his suppositious allegation, Tatum presents nothing, nor can this court countenance any evidence, which would indicate that the defendants entered into a conspiracy to deprive Tatum of his constitutional rights. In light of the foregoing, the court concludes that Tatum's bare allegation of a conspiracy among the defendants is insufficient to support a claim for relief under 42 U.S.C. § 1983. *Harvey*, 949 F.2d at 1133; *Fullman*, 739 F.2d at 556-557.

### E.  The Challenges to Plaintiff's Conviction

Tatum attacks the validity of the conviction and sentence imposed upon him for assault by the Circuit Court of Montgomery County, Alabama on May 19, 2008. Specifically, Tatum complains (i) the indictment made the basis for such conviction is

invalid, (ii) the trial judge acted improperly in allowing his case to proceed on the indictment, and (iii) counsel provided ineffective assistance during the criminal proceedings. The aforementioned claims go to the fundamental legality of Tatum's conviction and resulting sentence. Consequently, these claims provide no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must thisefore be dismissed. 512 U.S. at 483-489. Under *Heck*, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. The Court emphasized that "habeas corpus is the exclusive remedy for a ... prisoner who challenges" a conviction or sentence, "even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. 512 U.S. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [and

injunctive] relief and money damages, ... that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 ..." unless the prisoner can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court reiterated the position previously taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of a conviction or sentence is a petition for writ of habeas corpus. *Balisok*, 520 U.S. at 645. Additionally, the Court "reemphasize[d] ... that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

Several of the claims presented in the instant complaint challenge the constitutionality of the 2008 assault conviction and resulting sentence imposed upon Tatum by the Circuit Court of Montomgery County, Alabama. A judgment in favor of Tatum on these claims would necessarily imply the invalidity of this conviction and sentence. It is clear from the complaint that the conviction and sentence about which Tatum complains have not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack on the conviction and sentence imposed upon Tatum is prohibited and subject to dismissal by this court prior to service of process pursuant to the provisions of 28 U.S.C.

§ 1915(e)(2)(B)(ii).  *Balisok*, 520 U.S. at 645; *Heck*, 512 U.S. at 481; *Preiser*, 411 U.S. at 488-490.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The plaintiff's claims against Johnny Hardwick, Melissa Rittenour, Eleanor Brooks and Larry Sasser be DISMISSED with prejudice prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

2.  The plaintiff's claims against defendant Marshall regarding the constitutionality of his confinement based on the indictment and subsequent conviction be summarily dismissed as Marshall acted pursuant to directives of a state court when ensuring such confinement.

3.  The plaintiff's challenge to the constitutionality of the conviction and sentence imposed upon him by the Circuit Court of Montgomery County, Alabama for assault be dismissed without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not properly before the court at this time.

4.  This case, with respect to the plaintiff's claims challenging the handling of his personal mail and overcrowded conditions at the Montgomery County Detention Facility lodged against defendants Marshall and Wright, be referred back to the undersigned for further appropriate proceedings.

It is further

ORDERED that on or before January 19, 2009 the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 6th day of January, 2009.

      /s/   Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE