IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEREMY CHRISTOPHER TATUM, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>D. T. MARSHALL, et al., )<br>)<br>Defendants. ) | CASE NO. 2:08-CV-792-TMH<br>[WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Jeremy Christopher Tatum ["Tatum"], an indigent inmate, initiated this 42 U.S.C. § 1983 complaint challenging the handling of his personal mail and the alleged overcrowded conditions during his incarceration at the Montgomery County Detention Facility. On March 16, 2010, this court entered an order, a copy of which the Clerk mailed to Tatum. The postal service returned this order because Tatum no longer resided at the address he had provided to the court. In light of the foregoing, the court entered an order requiring that on or March 31, 2010 Tatum inform the court of his present address. *Order of March 24, 2010 - Court Doc. No. 20*. This order specifically cautioned Tatum that his failure to comply with its directives would result in a recommendation that this case be dismissed. *Id*. Tatum has filed nothing in response to the March 24, 2010 order. The court therefore concludes that this case is due to be dismissed.

**CONCLUSION**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to prosecute this action.

It is further

ORDERED that on or before April 19, 2010 the parties may file objections to the

Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 5th day of April, 2010.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE